MEMORANDUM ***
Xu You Zhen, a native and citizen of China, appeals the Board of Immigration Appeals’ (“BIA”) summary affirmance of the immigration judge’s (“IJ”) order finding her removable and denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Zhen entered the country with a K-l visa so that she could marry a U.S. citizen. The IJ sustained the charge of removability because he found that Zhen had materially misrepresented the nature of her marriage during an interview with an immigration officer. Zhen’s application for asylum' was based on fear of persecution under China’s coercive family planning program. The IJ denied this application because he found that Zhen’s claim was speculative.
Zhen also appeals the BIA’s denial of her motion to reopen her removal proceedings. Zhen claims that ineffective counsel prevented her from presenting a strong case to the IJ. The BIA found that Zhen had not demonstrated that her former counsel’s performance was so inadequate that it prejudiced the outcome of her case.
We have jurisdiction under 8 U.S.C. § 1252. With respect to Zhen’s petition for review of the IJ’s determination that she was removable (No. 06-70871), we deny the petition. With respect to Zhen’s petition for review of the denial of her asylum, withholding of removal, and CAT application (No. 06-70871), we deny the petition. With respect to Zhen’s motion to reopen (No. 06-73536), we deny the petition.

No. 06-70871

Zhen was introduced by relatives to Wing Moy, a U.S. citizen, while Moy was visiting China in May 1999. Moy proposed to Zhen in China, and then returned to the U.S. Zhen joined him when her K-l visa was approved, in May 2001. They married five days after Zhen’s arrival in San Francisco.
Zhen and Moy did not live together in the U.S. They were interviewed separately by an immigration officer in April 2003. *942 Based on inconsistencies in their testimony, the officer found that the couple did not have a valid marriage, and initiated removal proceedings against Zhen. Zhen and Moy moved in together after the interview because they realized that living separately had caused legal problems. The IJ found that, although Zhen and Moy had a valid marriage at the time of the removal hearing, the couple’s intentions at the time of marriage were not bona fide; that the marriage was a sham for the purpose of Zhen’s obtaining a green card; and that Zhen had lied about the marriage in her interview.
We review the IJ’s factual determinations for substantial evidence. Hernandez v. Ashcroft, 345 F.3d 824, 832 (9th Cir.2003). The test for a bona fide marriage is whether the couple intended to establish a life together at the time they were married. Damon v. Ashcroft, 360 F.3d 1084, 1088 (9th Cir.2004). We find that substantial evidence in the record does not compel the conclusion that Zhen and Moy intended to establish a life together at the time they were married. We also find that substantial evidence supports the IJ’s determination that Zhen lied during her interview. We therefore deny the petition.
Zhen applied for asylum, withholding of removal, and CAT protection on the grounds that she would likely be persecuted under China’s coercive family planning policy. Zhen and Moy testified that they intend to have more than one child and fear that Zhen would be sterilized or have an IUD forcibly inserted after the birth of one child. The couple did not have any children or immediate plans to conceive at the time of the asylum hearing. The IJ found that Zhen’s claim was too speculative to support a grant of asylum. We agree, and therefore deny the petition.

No. 06-73536

With respect to Zhen’s motion to reopen, the evidence in the record does not show that her former attorney provided ineffective assistance. We therefore conclude that there was no abuse of discretion when the BIA denied her motion.
PETITION FOR REVIEW (No. 06-70871) DENIED; PETITION FOR REVIEW (No. 06-73536) DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.